UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
MAR 06 2006

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VICTOR ZIEGLER, SR., | |
| Plaintiff, | CIV. 04-4098 |
| vs. | MEMORANDUM OPINION AND ORDER |
| GALE NORTON, SECRETARY OF INTERIOR; HEAD GOVERNMENT OFFICIAL OF THE AGENCY, | |
| Defendant. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

In Plaintiff's pro se amended complaint he alleges causes of action for "constructive discharge claims based upon violations of ADEA," "non-selection for B23.2559A, based upon violations of ADEA," "disbility claims for on the job injury," and "liquidated damages claims under ADEA case law, Veteran Laws of VEOA and USERRA." Doc. 6. Plaintiff then filed a 25-page motion for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. Doc. 34. Defendant filed a motion requesting the Court to order Plaintiff to comply with Rule 56.1(B) of the Local Rules of Practice for the District of South Dakota because Plaintiff failed to submit a statement of the material facts. Defendant also requested an additional thirty days after the filing of the required statement of facts to file the response to the motion for summary judgment. Doc. 39. In response, Plaintiff contended that "he made the short concise statements on the material facts and they are contained [in the] first three pages of the plaintiff's Rule 56 motion and the memorandum of support." Doc. 42. Plaintiff also submitted a pleading entitled "Plaintiff's Alternative to his two clearly stated legal issues/question in his Rule 56 motion & Memorandum of Support. This can serve as Compliance with Defendant's attorney request for D.S.D. LR 56.1(B)." Doc. 40.

Rule 56.1(B) of the Local Rules of Practice for the District of South Dakota provides:

> Upon any motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to statements of law above required there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Each material fact in this Local Rule's required statement shall be presented in a separate, numbered statement and with an appropriate citation to the record in the case.

Plaintiff has not complied with Local Rule 56.1(B). Defendant is justified in asserting that the absence of a designation of what facts are material and the failure to present these facts "in a separate, numbered statement and with an appropriate citation to the record" makes responding to the lengthy motion unnecessarily difficult. Plaintiff asserts that he is acting pro se and "without benefit of any senior attorney's advice." Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with procedural and local rules. *See Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983). Plaintiff is a law school graduate who should have the ability and who has had the opportunity to comply with the requirements of D.S.D. LR 56.1(B). The Court does not conclude that Plaintiff's pro se status excuses compliance with D.S.D. LR 56.1(B) in the case at hand.

The failure to comply with a local rule requiring that a motion for summary judgment be accompanied by a concise statement of material facts which the movant contends are not genuinely in dispute is a sufficient basis on which to deny a motion for summary judgment. *Servin v. Gatx Logistics, Inc.*, 187 F.R.D. 561 (N.D. Ill. 1999); *Griffin v. Bank of America*, 971 F.Supp. 492 (D. Kan. 1997). The Court is denying Plaintiff's initial and second motions for summary judgment (Doc. 34 and 48) on this basis. However, Plaintiff is not precluded from later filing a motion for summary judgment which conforms to the local rules.

Recently, the Eighth Circuit Court of Appeals in an unpublished per curiam opinion, affirmed this Court's grant of summary judgment[1] for the defendants in *Ziegler v. Norton*, No. 05-1898 (8th Cir. filed February 14, 2006). Any future motions for summary judgment filed by either party in this case should address how, if at all, the Eighth Circuit's unpublished per curiam opinion affects the case at hand. *See United States ex rel. Yankton Sioux Tribe v. Gambler's Supply, Inc.*, 925 F.Supp. 658, 663 (D.S.D. 1996)( recognizing that the purpose of the doctrine of res judicata is that a final judgment on the merits of an action precludes relitigation of issues that were or could have been raised in that action).[2]

Defendant has requested that the Court enter a scheduling order setting the date as to when

---

[1] This Court adopted the report and recommendations of United States Magistrate Judge John E. Simko, in that case.

[2] In this Court's Order denying Plaintiff's application to proceed without prepayment of fees in the case at hand (Doc. 4), this Court noted that the complaint may be subject to dismissal in light of the judgment in the previous suit, but declined to make that determination at that time.

2

discovery shall be completed as March 31, 2006, rather than January 31, 2006, the date contemplated in the Report of Parties' Planning Meeting. Doc. 47, 52. Plaintiff has resisted this request. Doc. 49, 53. After reviewing the entire file, the Court will grant the Defendant's request. Accordingly,

**IT IS ORDERED**:

1. That Plaintiff's motions for summary judgment (Doc. 34 and 48) are denied for failure to comply with D.S.D. LR 56.1(B), but that Plaintiff is not precluded from later filing a motion for summary judgment that complies with the local rules;

2. That Defendant's motion requesting the Court to order Plaintiff to comply with Rule 56.1(B) of the Local Rules of Practice for the District of South Dakota (Doc. 39) is granted to the extent that any subsequent motion for summary judgment must comply with the local rules, but is otherwise denied as moot;

3. That Plaintiff's Motion to rule that the defendant failed to answer his Rule 56 Motion (Doc. 43) is denied as moot;

4. That Plaintiff's Motion for the Court to take notice of his explanation on why he decided not to honor the agreed upon extension of his oral deposition (Doc. 44) is denied as moot;

5. That Plaintiff's "Motion for federal court to official notice" (Doc. 30) is denied; and

6. That Defendant's requests that the Court enter a scheduling order setting the date as to when discovery shall be completed as March 31, 2006, (Doc. 47, 52) is granted.

Dated this 4th day of March, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margulies
(SEAL)  DEPUTY

3