**FILED**
**AUG 16 2006**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| VICTOR ZIEGLER, SR., | * |
|  | * CIV. 04-4098 |
| Plaintiff, | * |
| vs. | * MEMORANDUM OPINION |
|  | * AND ORDER RE: DEFENDANT'S |
| DIRK KEMPTHORNE, SECRETARY OF | * MOTION FOR SUMMARY JUDGMENT |
| INTERIOR; HEAD GOVERNMENT | * AND ADDITIONAL OUTSTANDING |
| OFFICIAL OF THE AGENCY, | * MOTIONS |
|  | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff filed a pro se amended complaint, in which he alleges causes of action for "constructive discharge claims based upon violations of ADEA," "non-selection for B23.2559A, based upon violations of ADEA," "disability claims for on the job injury," and "liquidated damages claims under ADEA case law, Veteran Laws of VEOA and USERRA." Doc. 6. In subsequent pleadings before this Court, Plaintiff has continued to assert that he has been injured as a result of irregularities in the reorganization of the Bureau of Indian Affairs' law enforcement programs. In the amended complaint Plaintiff alleges that he was constructively discharged from his Aberdeen Area branch chief position B23.5632A on March 31, 1999. Plaintiff alleges that he resigned while under the effects of anesthesia after agency officials Mike McCoy and Gerald White ordered him to appear at the Police Department of Good Friday for questioning. Plaintiff also alleges that he was not selected for the new chief position which was advertised on November 9, 1998, and that he was not selected because of age discrimination. These claims were set forth in Plaintiff's Equal Employment Opportunity cases designated BIA 99-031 and BIA 99-046.

In Victor Ziegler v. Gale Norton, Civ. No. 03-4198,(Ziegler I), an action that was commenced on August 7, 2003, Plaintiff alleged that the Bureau of Indian Affairs discriminated against him on the basis of age in the selection of a criminal investigator, which selection was made some time between January and June of 1999. This claim was set forth in Plaintiff's Equal Employment Opportunity case designated BIA 01-042. Plaintiff also alleged in Ziegler I that the Bureau of Indian Affairs improperly refused to give veteran preference in the selection of the criminal investigator. In Plaintiff's amended complaint in Ziegler I, Plaintiff states that BIA 99-031 and BIA 99-04 are in the "EEO process" and that "[a]ll of the plaintiff's EEO complaints were concluded or originated under the new reorganization

of the BIA restructured Law Enforcement management, which publicly stated that they were going to 'get rid of the old guys when we take over.'"(Doc. 25 in Civ. No. 03-4198).Plaintiff further stated in the amended complaint in Ziegler I that the "BIA officials have employed a continuous chain of discriminatory acts against the plaintiff, and had stated in advance their fore-coming acts of intentional discrimination to various Crow Creek Tribal Officials in regards to both the Criminal Investigator position and the Plaintiff's own Branch Chief position."

In Ziegler I this Court adopted Magistrate Simko's Report and Recommendation. The Report and Recommendation recommended that summary judgment be granted against Plaintiff for failure to exhaust administrative remedies. The Report and Recommendation further recommended that a number of pending motions be denied as moot. One of the motions denied as moot was Plaintiff's second motion to amend his complaint by consolidating his EEO claims in BIA 99-031 and BIA 99-046 with the claims in Ziegler I. Doc. 65. [1] This motion to amend and consolidate was filed on June 30, 2004, the same date this action was filed.

The Eighth Circuit Court of Appeals in an unpublished per curiam opinion, affirmed this Court's grant of summary judgment for the defendants in *Ziegler v. Norton*, 2006 WL 328356 (8th Cir., February 14, 2006). In this Court's Memorandum Opinion and Order dated March 4, 2006, this Court directed that any future motions for summary judgment filed by either party in this case should address how, if it all, the Eighth Circuit's opinion in Ziegler I affects the case at hand with regard to the doctrine of res judicata. Doc. 54. Defendant has moved for summary judgment (Doc. 79) based on the doctrine of res judicata as well as on other grounds. Before addressing this motion, the Court will address other outstanding motions in this case.

Plaintiff filed a pleading entitled "Plaintiff's Motions to Make the Following Claims, Evidence and Documents listed Below Part of the Record for CIV. 04-4098 If It Has Not Been Done So Already."Doc. 56. Plaintiff also filed a pleading entitled "Plaintiff Makes in Federal District Court a

---

[1] The Defendants in Ziegler I had opposed this amendment of several grounds, including the ground that the motion to amend and consolidate was filed more than 90 days after the September 22, 2003, agency decision was rendered regarding BIA 99-031 and BIA 99-046. Defendants also contended that Plaintiff was attempting to bring in claims that did not arise out of the same transaction. Defendants further contended that *collateral estoppel* precluded Ziegler from relitigating issues that had been before the Federal Circuit in *Ziegler v. Department of the Interior*, 70 Fed.Appx. 542, 2003 WL 21659454 (Fed. Cir. 2003).

Motion to Make the Plaintiff's Former Legal Counsel Attorney Paul Muller's 6-24-04 Letter to Honorable Chief Judge Part of the Record for Civ. 04-4098." Doc. 59. Defendant objects to the filing of the letter from Attorney Paul Muller because Defendant contends that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Doc. 64. Although the manner in which Plaintiff has brought these claims and evidence before the Court may be irregular, the Court will grant the motions (Doc. 56 and 59) and has considered the same in ruling on Defendant's Motion for Summary Judgment.

Plaintiff has also filed a 25-page document entitled "Plaintiff's Amend the Pleadings to CIV 04-4098; Adding New Claims Claiming All Original Defendants Named in Original Complaint for Civ. 04-4098 Now Called Officials and Six New Officials, in Their Official Capacities Have Discriminated Against Plaintiff for ADEA ... ." Doc. 65. Defendant has filed a "Motion to Strike Docket Entry 65" (Doc. 66), contending that the document is, in fact, an amended complaint, and that Plaintiff is required to, but has not, sought leave of Court to amend his Amended Complaint. If the document in issue were, in fact, an amended complaint, the Court agrees with Defendant that Plaintiff has failed to comply with the requirements of Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff states in his document, however, that he does not intend to add any new parties. Also, Plaintiff states in this document, "The plaintiff acting pro-se wishes to make this Amended pleading seem reasonable, by fine tuning his claims made in the original complaint for civ04-4098 and in the 1st amendment." The Court will construe this document in Docket Entry 65 to be a brief presenting argument in support of Plaintiff's amended complaint, as opposed to a second amended complaint which requires the Defendant to submit an answer.[2] The Motion to Strike (Doc. 66) is thus denied.

Plaintiff has filed a document entitled "Plaintiff's makes this motion under Federal Rules of Civil Procedure Rule 37(a) & ( c) for the Court to find that the defendant/agency has Failed to make Disclosures or Cooperate in Discovery." Doc. 93. This Court has reviewed Plaintiff's motion to compel as well as Defendant's Response to Plaintiff's motion to compel(Doc. 96)and Plaintiff's reply to Defendant's Response (Doc. 106). Defendant has now produced the document referenced in Plaintiff's fifth critical issue. Much of the requested discovery which is the basis of Plaintiff's motion to compel relates to the Administrative Procedure Act claim in Ziegler I. As such the requested

---

[2]The Court notes that Plaintiff has crossed out his claim for class action relief.

discovery is not reasonably calculated to lead to the discovery of admissible evidence. Although Plaintiff has not clearly articulated all the reasons in support of his motion to compel, it appears to this Court that throughout much of his motion Plaintiff is simply disputing the correctness of Defendant's responses to his discovery requests and the propriety of E.E.O.C. actions. For these reasons, Plaintiff's motion under Rule 37 of the Federal Rules of Civil Procedure is denied.

Plaintiff moved for a continuance pursuant to Federal Rule of Civil Procedure 56(f), asking the Court to defer ruling on Defendant's motion for summary judgment until Plaintiff received the discovery requested of Defendant. Doc. 90. At the motions hearing on August 14, 2006, the Court inquired of Plaintiff as to what documents, if any, he needed and had not been supplied. It is the Court's conclusion, based on this inquiry and response, that Plaintiff has possession of all necessary documents but takes issue with the actions and positions set forth in these documents. The motion for a Rule 56(f) continuance is therefore denied.

Plaintiff has also moved for relief from the Judgment in Ziegler I and from the September 22, 2003 E.E.O.C. decision based on his contention that the defendant has committed fraud upon the Court "by presenting the unauthorized FAD of April 16 2002 as the Final Agency Action when by law the Final Agency Action was the EEOC Judge Myer's Aug 29 decision." Plaintiff has also "raised concerns over the lack of proper processing and investigating of his complaints first with the agency/John Nicholas, second with the EEOC Judge Meyers and third with EEOC Commission, fourth with MSPB Judge Albronoz and fifth with EEOC Commission again and now sixth and last with the federal court in both cases civ03-4197 & civ04-4098." Doc. 94. Defendant has resisted this motion. Doc. 104. Plaintiff has replied to the resistance. Doc. 105. This Court does not characterize the Defendant's or any agency official's position or actions in the processing of Plaintiff's E.E.O.C. Complaints as fraudulent. Any legal or factual issues surrounding the processing of the E.E.O.C. complaints could and should have been presented to this Court or the Eighth Circuit in Ziegler I. For these reasons, the motion for relief from judgment is denied.

### WHETHER DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT?

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a

motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242 (1986).

Res Judicata

The doctrine of res judicata bars a later suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies. *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983); *United States E.P.A. v. City of Green Forest*, 921 F.2d 1394, 1403 (8th Cir.1990). The res judicata effect of a prior judgment is a question of law. *See United States ex rel. Yankton Sioux Tribe v. Gambler's Supply , Inc.*, 925 F.Supp. 658, 663 (D.S.D. 1996). The purpose of the doctrine of res judicata is that a final judgment on the merits of an action precludes relitigation of issues that were or could have been raised in that action. *Id.*

A decision that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion or res judicata. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996). The first requirement for the application of the doctrine of res judicata has been met in this case. There is no question but that the first suit, Ziegler I, was based on proper jurisdiction. The second requirement for the application of the doctrine of res judicata has been met in this case. Further, there is no question but that both suits involved the same parties or their privies, so the fourth requirement for the application of the doctrine of res judicata has been met in this case.

In both Ziegler I and Ziegler II Plaintiff raises claims of age discrimination, claims regarding the Veterans Employment Opportunity Act and claims regarding alleged irregularities in the reorganization of the Bureau of Indian Affairs' law enforcement programs. Ziegler appears to contend, however, that since the Eighth Circuit found that the "nonselection decision at issue was a discrete event," and held that the continuing violation doctrine was not applicable in determining the issue of failure to exhaust administrative remedies in Ziegler I, Ziegler II cannot be considered to include the same causes of action as Ziegler I under the doctrine of res judicata.

In *Burkett v. Glickman*,, the Eighth Circuit recognized that the Supreme Court had held that

termination, failure to promote, denial of transfer and refusal to hire were "'discrete discriminatory acts'" that are "'not actionable if time barred, even when they are related to acts alleged in timely filed charges.'" *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003)(*quoting National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2072 (2002)). The continuing violation doctrine is distinct from the doctrine of res judicata.

Whether two claims are the same for purposes of res judicata depends on whether the claims have arisen out of the same nucleus of operative facts or are based on the same factual predicate. *Murphy v. Jones*, 877 F.2d 682, 685 (8th Cir. 1989). Res judicata is applicable when a plaintiff's theories of relief depend upon a single series of transactions and occurrences. *Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983). The determination of whether a factual grouping constitutes a transaction, and whether groupings constitute a series is to be "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectation or business understanding or usage." *Poe v. John Deere Co.*, 695 F.2d 1103, 1106 (8th Cir. 1982).

Plaintiff, in earlier pleadings, has characterized his actions in Ziegler I and Ziegler II as a single series of transactions and occurrences where "BIA officials have employed a continuous chain of discriminatory acts against the plaintiff" after the reorganization of the Bureau of Indian Affairs' law enforcement programs. Although Plaintiff pointed out at the motions hearing on August 14, 2006, that the criminal investigator position in issue in Ziegler I was posted prior to the reorganization, Ziegler has previously alleged that he was not selected for the position because of a reorganization philosophy aimed "to get rid of the old guys." The fact that the criminal investigator position was posted prior to the reorganization does not prevent the facts surrounding both Ziegler I and Ziegler II from having arisen out of the same nucleus of operative facts or from being based on the same factual predicate.

The Eighth Circuit Court of Appeals has stated: "It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *King v. Hoover Group, Inc.*, 958 F.2d 219, 222-223 (8th Cir. 1992), *quoted in Landscape Properties, Inc. v. Whisenhunt*, 127 F.3d 678, 683 (8th Cir. 1997). If the order in Ziegler I denying Plaintiff's second motion to amend his complaint to include his EEO claims in BIA 99-031

and BIA 99-046 was incorrect, Plaintiff had the opportunity to raise that issue in his appeal to the Eighth Circuit.[3]

The doctrine of res judicata "has the salutary effects of protecting adversaries from the expense and vexation of multiple lawsuits, conserving the limited time of judges, and fostering reliance on decisions of courts." *Poe v. John Deere Co.*, 695 F.2d at 1107-1108. Both Ziegler I and Ziegler II have involved a series of lengthy and, at times, obscure pleadings which contain many of the same allegations and arguments. The doctrine of res judicata is designed to prevent the situation at hand, and summary judgment will be granted in Defendant's favor on the basis of res judicata for all claims other than Plaintiff's disability claims.

<u>Plaintiff's Disability Claim</u>

In Plaintiff's amended complaint (Doc. 6) he sets forth the following "Disability Claims For on the Job Injury:"

> 16. The plaintiff had a physical disability as a result of being injured on the job and the agency filed (sic) to accommodate him and also failed to provide the required medical forms for him to file for OWCP, FECA benefits and 45 days of continuation of pay. The agency never afforded the 45 days of cop to the plaintiff and in fact by forcing him to resign effectively stopped him from receiving any benefits of continuation of pay. The federal regulation 20 CFR 10:220(c) states the agency was prohibited from taking any disciplinary action if the proposed action was not started before the injury occurred. The plaintiff's (sic) states he was never served with any proposed disciplinary action but he was threatened on March 31 1999 while under the affects of anesthesia with disciplinary action if he did not show up for questioning on a day which was never scheduled before hand. The date April 02 1999 was Good Friday and also the plaintiff had Doctor's orders to stay in bed and off his injured knee that day. The plaintiff state (sic) both of these reasons to the BIA officials White and McCoy. The agency failed to accommodate the plaintiff's disability and religious beliefs.

---

[3]Plaintiff contends that he did not receive a copy of the E.E.O.C.'s September 22, 2003, decision regarding BIA-99-031 and BIA-99-046 and right to sue notice until after he requested a copy of the same and the Commission mailed him the same on May 14, 2004. The Certificate of Mailing on the September 22, 2003, decision does not contain the address to which the decision was mailed, and Defendant has not provided a receipt for certified or registered mail that refutes Plaintiff's contention. This Court cannot conclude that Plaintiff did not file his motion to amend in Ziegler I and his complaint in Ziegler II within 90 days of the receipt of the E.E.O.C.'s September 22, 2003, decision.

> 17. The Plaintiff was forced to render an involuntary resignation from the federal service. This amounted to a wavier (sic) of the Plaintiff rights to OWCP and FECA and denied him the 45-day continuation of pay he was eligible for by suffering injury while on the job. Any wavier(sic) voluntarily and involuntarily of OWCP and FECA and COP right were in violation of the federal regulation 20 CFR10;220(a)(b) and [c].

Plaintiff's disability claim for an on the job injury falls under the Federal Employee's Compensation Act (FECA).[4] Under FECA, the Secretary of Labor is given unreviewable power to administer and decide all questions arising under the FECA. *See Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995); 5 U.S.C.A § 8128. This Court does not have jurisdiction over any FECA claims. Defendant is entitled to have the FECA claim dismissed without prejudice from this proceeding as this Court has no jurisdiction to consider the FECA claim. Accordingly,

**IT IS ORDERED**:

1. That Plaintiff's motions (Doc. 56 and 59) are granted;
2. That Defendant's Motion to Strike (Doc. 66) is denied;
3. That Plaintiff's Motion under Rule 56(f) (Doc. 90), and Motions to Produce and Compel (Doc. 93) are denied;
4. That Plaintiff's Motion for relief from the Judgment in Ziegler I (Doc. 94) is denied; and
5. That Defendant's motion for summary judgment (Doc. 79) is granted and Plaintiff's claims are dismissed with prejudice except that Plaintiff's FECA claim is dismissed without prejudice.

Dated this 16th day of August, 2006.

BY THE COURT:

*Lawrence Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Douro* (signature)
(SEAL)  DEPUTY

---

[4] 20 C.F.R. § 10:220(a)(b) and (c), the regulations referred to in Plaintiff's amended complaint, provide that an employer is not required to pay benefits when (a) the disability was not caused by a traumatic injury; (b) the employee is not a citizen of the United States; and (c) no written claim has been filed within 30 day from the date of injury.