FILED

UNITED STATES DISTRICT COURT

SEP - 8 2006

DISTRICT OF SOUTH DAKOTA



SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

| | |
|---|---|
| VICTOR ZIEGLER, SR., | |
| Plaintiff, | CIV. 04-4098 |
| vs. | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S |
| DIRK KEMPTHORNE, SECRETARY OF INTERIOR; HEAD GOVERNMENT OFFICIAL OF THE AGENCY, | MOTION TO AMEND FINDINGS AND JUDGMENT |
| Defendant. | |

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Plaintiff has filed a motion under FED. R. CIV. P. 52(b) requesting that this Court amend its findings and judgment granting summary judgment in favor of the Defendant. Doc. 52. In this pleading Plaintiff also request, in the alternative, that this Court remand all claims in BIA 99-031 and BIA 99-046 back to the Equal Employment Opportunity Commission. It is unclear whether FED. R. CIV. P. 52(b) applies to an order granting summary judgment since there are no "findings" to amend. *See Cline v. Hoogland*, 518 F.2d 776, 777-778 (8th Cir. 1975). This Court will thus consider this motion under FED. R. CIV. P. 60(b).

In support of his motion, Plaintiff cites to cases which hold that an action which is dismissed as moot has no res judicata effect. See, e.g., *Pujol v. Shearson/American Exp., Inc.*, 829 F.2d 1201, 1209n.3 (1st Cir. 1987). These case are not controlling in the case at hand because the unpublished per curiam opinion which affirmed this Court's grant of summary judgment for the defendants in *Ziegler v. Norton*, 2006 WL 328356 (8th Cir., February 14, 2006), was decided on the merits. As this Court explained in the August 16, 2006, Memorandum Opinion and Order granting summary judgment to Defendant, if the order in Ziegler I denying as moot Plaintiff's second motion to amend his complaint was incorrect, Plaintiff had the opportunity to raise that issue in his appeal to the Eighth Circuit Court of Appeals.

Plaintiff also contends that Defendant waived or was estopped from raising collateral estoppel primarily because, according to Plaintiff, the Defendant had taken a contrary position in arguing that the continuing violation doctrine did not apply in Ziegler I. However, as this Court explained in the

August 16, 2006, Memorandum Opinion and Order granting summary judgment to Defendant, the continuing violation doctrine is distinct from the doctrine of res judicata. In addition, as the United Supreme Court has recognized, a waiver of res judicata need not always be accepted since trial courts may, in appropriate cases, raise the issue of res judicata on their own motion. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 231 (1995). This Court raised the issue of res judicata on its own motion (Doc. 54) in consideration of judicial economy and avoiding piecemeal litigation. The parties were given an opportunity to brief the matter before summary judgment was granted on this basis.

Plaintiff's alternative request that this Court remand all claims in BIA 99-031 and BIA 99-046 back to the Equal Employment Opportunity Commission is not supported by legal authority and will be denied. On the last page of his Rule 52(b) motion Plaintiff states, "The plaintiff may request the District Court he be allowed to file his appeal by being allowed to proceed in forma pauperis due to his financial situation during the appeal time frame." Plaintiff then provided personal financial information to the Court. The Clerk has written Plaintiff and enclosed the appropriate Application to Proceed without Prepayment of Fees and Affidavit. Doc. 119. If Plaintiff desires to fill out this form the Court will consider Plaintiff's request upon receipt of the completed form. Accordingly,

IT IS HEREBY ORDERED:

(1) that Plaintiff's Motion to Amend Findings and Judgment (Doc. 118) which this Court has construed as a motion under FED. R. CIV. P. 60(b) is denied; and

(2) that Plaintiff's alternative request to remand all claims in BIA 99-031 and BIA 99-046 back to the Equal Employment Opportunity Commission is denied.

Dated this 8th day of September, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Sharon Luro
(SEAL)    DEPUTY